UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COLPO CALDO, LLC, a Nevada limited liability company,<br><br>                                  Plaintiff,<br><br>       v.<br><br>RONALD TRUNK; LYNN McMAHON; RYAN C. O'CALLAGHAN, a Trustee of the Ryan C. O'Callaghan Trust dated December 6, 2006; UNITED STATES OF AMERICA, acting through the Farm Service Agency; and Any and All Other Persons Known or Unknown Claiming Any Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Interest or Any Cloud Upon Plaintiff's Interest Thereto; and DOES I through X, inclusive,<br><br>                                  Defendants. | Case No. 3:18-cv-00289-LRH-WGC<br><br>ORDER |

Before the Court are competing motions for summary judgment. The first was filed by the United States of America, acting through the Farm Service Agency ("the FSA") on April 19, 2019. ECF No. 36. However, because defendant Ronald Trunk filed for Chapter 13 bankruptcy on April 15, 2019, the case was automatically stayed and this motion was never decided. After the case was reopened, the FSA filed a notice of failure to respond to its motion (ECF No. 56), upon which Colpo Caldo, LLC ("Colpo Caldo") filed its response (ECF No. 57). The second is a motion for summary judgment filed by Colpo Caldo on February 24, 2021, after the automatic stay had been lifted. ECF No. 44. The FSA opposed (ECF No. 47), and Colpo Caldo replied (ECF No. 51).  For the reasons contained within this Order, the Court now grants Colpo Caldo's motion and denies the FSA's motion.

I.     BACKGROUND

On June 16, 2005, defendants Ronald Trunk and Lynn McMahon (now deceased), executed a promissory note: in exchange for Colpo Caldo[1] loaning them $160,000.00, Trunk and McMahon would make monthly payments of $1,056.71 from July 1, 2005 until June 1, 2008, at which time, the remaining principal, plus accrued interest, was to be paid in full. ECF No. 46-6 at 24. The Note was secured by a Deed of Trust with Assignments of Rents for property in Stagecoach, Nevada,[2] and was recorded in the Lyon County Recorder's Office on June 15, 2005. ECF No. 46-6 at 40–42 (Document No. 353838). This Deed of Trust lists Ronald Trunk and Lynn McMahon, husband and wife, as Trustor, Western Title Company, Inc. as Trustee, and Colpo Caldo, LLC as the beneficiary. *Id.* (hereinafter "Colpo Caldo Deed of Trust"). Trunk continued to make payments on this loan until May 20, 2013. ECF No. 46-6 at 83.

On May 21, 2013, Trunk recorded a Deed of Reconveyance, which provided that Colpo Caldo declared that the debt and other obligations had been fully paid and satisfied as of October 18, 2011, and reconveyed the Colpo Caldo Deed of Trust. ECF No. 46-6 at 44–45 (Document No. 507381). This document was purportedly signed by Trunk and Gabrielle Valenti and stamped and notarized by Notary Public Jessica O'Connell. *Id.*; ECF No. 1-1 at 4–5. Colpo Caldo alleges that this is not Gabrielle Valenti's signature, that she never signed the document, that Jessica O'Connell did not notarize for anyone claiming to be Gabrielle Valenti, and that the signature was added after O'Connell notarized Trunk's signature. ECF No. 1-1 at 5.

On August 6, 2013, the FSA recorded a Real Estate Deed of Trust for Nevada with Assignment of Rents, in which Trunk and McMahon borrowed $52,050.00 at 1.250% interest to

---

[1] Colpo Caldo is a Nevada limited liability company with one member, Gabrielle Valenti; her sister, Georgette ("Gigi") Valenti is the manager and resident agent. ECF No. 1-1 at 4.

[2] The Deed of Trust refers to the at-issue property as 7575 Iron Mountain Blvd, Silver Springs, NV and by its legal description:
>  Commencing at the NW corner of said Section 18, thence S. 00°32'58" E., 2783.75 feet to the true point of beginning, thence S. 89°53'20" E., 1111.86 feet; thence S. 00°17'38" E., 402.99 feet, thence N. 89°53'20" W., 1110.06 feet; thence N. 00°32'58" W., 403.00 feet to the true point of beginning.
>  Assessor's Parcel No. 15-362-20.

ECF No. 46-6 at 42.

be paid by December 31, 2019. ECF No. 46-6 at 49–57 (Document No. 510759). This Deed of Trust was secured by the same property at issue in the Colpo Caldo Deed of Trust, and listed Trunk and McMahon as Trustors, Western Nevada Title Company as the Trustee, and the United States of America, acting through the FSA, United States Department of Agriculture, as the beneficiary. *Id.*

On August 7, 2013, another Substitution of Trustee and Deed of Reconveyance was recorded in the Lyon County Recorder's Office, purporting to substitute Colpo Caldo as trustee and reconvey the Colpo Caldo Deed of Trust. ECF No. 46-6 at 47 (Document No. 510803). Again, the reconveyance was purportedly signed by Trunk and Gabrielle Valenti, and stamped and notarized by Notary Public Jessica O'Connell. *Id.* Colpo Clado likewise alleges that Gabrielle Valenti did not sign this document and that Jessica O'Connell did not notarize for anyone claiming to be Gabrielle Valenti. ECF No. 1-1 at 6.

On August 21, 2013, the FSA recorded another Real Estate Deed of Trust for Nevada with Assignment of Rents in the Lyon County Recorder's Office, in which Trunk and McMahon borrowed $147,000 at 3.125% interest. ECF No. 46-6 at 59–68 (Document No. 511348). This Deed of Trust was again secured by the same plot of land in Stagecoach Nevada, and listed Trunk and McMahon as trustors, Western Title Company as the Trustee, and the United States of America, acting through the FSA, United States Department of Agriculture, as the beneficiary. *Id.*

On October 17, 2017, another deed of trust was recorded in the Lyon County Recorder's Office, to secure the repayment of a $140,000 loan from Ryan O'Callaghan. ECF No. 1-1 at 4. This Deed of Trust (Document No. 415425) listed Trunk and McMahon as Trustors, Western Title Company, Inc. as Trustee, and O'Callaghan as the beneficiary. *Id.* This deed of trust is not at issue in the pending motions.

On May 3, 2018, Colpo Caldo brought suit in the Third Judicial District Court of Nevada, in Lyon County against Trunk and McMahon. ECF No. 1-1. Colpo Caldo also named Ryan O'Callaghan and the FSA, as both also hold deeds of trust to the at issue property. Colpo Caldo alleges three causes of action: (1) quiet title, alleging that its Deed of Trust had not been reconveyed and remains prior and superior to the O'Callaghan Deed of Trust and the two FSA

Deeds of Trust; (2) civil conspiracy; and (3) judicial foreclosure. *Id.* The FSA removed the case to this Federal District Court on June 18, 2018. ECF No. 1. After Trunk failed to plead or otherwise defend the suit, upon motion by Colpo Caldo, the Clerk of Court entered default as to Trunk on August 10, 2018. ECF Nos. 11 & 12.

On April 15, 2019, Trunk filed a petition for Chapter 13 bankruptcy, and an automatic stay of this case went into effect. ECF No. 38. During the bankruptcy proceedings, Colpo Caldo filed a Proof of Claim based on its June 15, 2005 Deed of Trust. ECF No. 56-1 at 2–4. Trunk opposed, but the FSA did not raise its own objection or otherwise participate in the proceedings related to Colpo Caldo's Proof of Claim. *See* ECF No. 47 at 8. On October 7, 2020, the Bankruptcy Court issued its order finding that Colpo Caldo (1) had an allowed, secured claim in the amount of $302,102.09, as of the filing date of Colpo Caldo's Proof of Claim which was May 8, 2019, together with subsequent accrued charges; and (2) that the Deed of Trust recorded on June 15, 2005 as Document No. 353838 in the Official Records of Lyon County, Nevada had not been reconveyed and remains valid and enforceable. ECF No. 46-9 at 4–7. The Bankruptcy Court issued its Order Confirming Chapter 13 Plan on November 18, 2020, providing that Colpo Caldo and the FSA had filed proofs of claims secured by the at-issue property and that Trunk was surrendering his interest in said property. ECF No. 46-10 at 7. The Bankruptcy Court terminated the automatic stay to allow Colpo Caldo and the FSA to exercise their state law and contractual rights and resume this District Court case. *Id.* Of importance here, the Bankruptcy Court's order provides: "This Court makes no and has made no determination regarding the relative priority of FSA's secured interest in the subject property in relation to any other secured interests in the subject property." *Id.*[3]

---

[3] The FSA also requested the Court take judicial notice of several other filings in the bankruptcy proceedings: (1) the FSA's Motion for Relief from the Automatic Stay and for Relief from Order Pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, filed on March 15, 2021; (2) the Declaration of James M. Walsh in support of this motion; and (3) the Notice of Hearing before the Bankruptcy Court on the matter. ECF No. 49. Because the Court "may take judicial notice of its own records in other cases," *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980), as well as "court filings and other matters of public record," *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), the Court grants the FSA's request. Following the hearing on this matter, the Bankruptcy Court again granted relief from the automatic stay to "allow the FSA and Colpo Caldo to continue with the District Court case as well as judicial or non-judicial foreclosure that may result therefrom," and denied the FSA's motion for relief

4

Following these proceedings, on March 16, 2021, the Court reopened the case in this District Court. ECF No. 50. Based on the Bankruptcy Court's findings, Colpo Caldo filed a motion for summary judgment on February 24, 2021, seeking a finding that its Deed of Trust is senior to all others, and requesting judicial foreclosure of the at-issue property. ECF No. 44. The FSA opposed (ECF No. 47) and Colpo Caldo replied (ECF No. 51).

However, the FSA believed its own motion for summary judgment filed after the automatic stay went into effect in April 2019, was still pending (ECF No. 36), and on April 28, 2021, filed a notice of failure to respond to its pending motion. ECF No. 56. The FSA, likewise, sent the Court a letter requesting an update on its pending motion. Colpo Caldo filed its response to the FSA's motion for summary judgment and notice of failure to respond the next day, arguing that because the motion was filed after the automatic stay went into effect, Colpo Caldo believed the FSA's motion void. ECF No. 57. And further argued that given Colpo Caldo's own motion for summary judgment, the FSA's motion is moot. *Id.* Colpo Caldo also sent the Court a response letter articulating that the FSA's letter was improper and reiterating its position regarding the procedural issues in this case. On May 20, 2021, the Court issued a minute order finding that the parties' motions are under submission and ripe without the need for further briefing, and that a ruling would be issued in due course. ECF No. 59. That Order now follows.

## II.   LEGAL STANDARD

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

---

from order pursuant to Rule 9024 finding that the "FSA is free to make its arguments regarding the priority of the various deeds of trust in the District Court case." ECF No. 62-1 at 3–4.

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. "The mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient" to establish a genuine dispute; "there must be evidence on which the jury could reasonably find for the [party]." *Id.* at 252.

### III. DISCUSSION

**A. The Court denies the FSA's motion for summary judgment.**

On April 19, 2019, the FSA filed a motion for summary judgment in this Court. ECF No. 36. The FSA argues that it should be granted summary judgment for two reasons: (1) pursuant to Nevada Revised Statute § 11.190(1)(b), Colpo Caldo's claim for judicial foreclosure is time bared by the 6-year statute of limitations; and (2) that Colpo Caldo is not the "real party in interest," and therefore, it is not capable of foreclosing. *Id.* Colpo Caldo opposed, arguing that because the automatic stay preceded the FSA's motion for summary judgment, no response was required; and regardless, the FSA's motion is moot given Colpo Caldo's own motion for summary judgment filed after the automatic stay was lifted. ECF No. 57.

Preliminarily, the Court finds that the FSA's motion for summary judgment is not unopposed and Colpo Caldo's late response does not constitute consent to grant the motion under this Court's local rules. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes consent to the granting of the motion."). While not a proper response under the local rules of this Court, Colpo Caldo's motion for summary judgment was responsive— Colpo Caldo specifically articulated that it believed the FSA's motion was void as it was filed after the automatic stay took effect, and alternatively, argues that the FSA is barred from relitigating the statute of limitations because the Bankruptcy Court already decided the issue and the Bankruptcy Court fully considered and granted Colpo Caldo's proof of verified claim. *See* ECF No. 44. Therefore, the FSA was properly on notice that Colpo Caldo was challenging the FSA's motion for summary judgment. Setting aside both parties' procedural errors in this matter, the Court's preference is to decided matters based on the merits rather than procedural loopholes. Accordingly, the Court will consider the FSA's motion as fully briefed and under submission.

Second, the Court finds that the FSA's statute of limitations defense is meritless. NRS § 11.200 provides how the Court is to calculate time when considering the statute of limitations:

> The time in NRS 11.190 shall be deemed to date from the last transaction or the last item charged or last credit given; and whenever any payment on principal or interest has been or shall be made upon an existing contract, whether it be a bill of exchange, promissory note or other evidence of indebtedness if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made.

It is uncontested that the Colpo Caldo Deed of Trust was not paid off by the maturity date. Trunk continued to make payments that were deposited until June 2013, and continued to make reduced payments through May 20, 2013, even though those payments were not cashed. ECF No. 46-6 at 83 (May 20, 2013 check); ECF No. 46-7 at 6 ("The last such check is Check 5796 in the amount of $550 which is dated May 20, 2013."); ECF No. 46-4 at 10–11; ECF No. 37 at 15. Colpo Caldo's verified complaint was filed May 3, 2018. ECF No. 1-1. Accordingly, Colpo Caldo filed its case within the 6-year statute of limitations for judicial foreclosure claims. *See Facklam v. HSBC Bank*

*USA, NA*, 401 P.3d 1068, 1069 (Nev. 2017) (holding that the NRS § 11.190(1)(b) 6-year statute of limitations applies to actions for judicial foreclosure, not nonjudicial foreclosures).[4]

Third, the FSA's party in-interest argument also fails to hold merit. Under both the Nevada Rules of Civil Procedure and this Court's Federal Rules of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest." Nev. R. Civ. P. 17(a)(1); Fed. R. Civ. P. 17(a)(1). The Nevada Supreme Court defines "real party in interest" as "one who possesses the right to enforce the claim and has a significant interest in the litigation." *Szilagyi v. Testa*, 673 P.2d 495, 498 (Nev. 1983). The purpose of Rule 17(a) is "to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter." *Painter v. Anderson*, 620 P.2d 1254, 1256 (Nev. 1980) (quoting *Calanese Corp. of America v. John Clark Industries*, 214 F.2d 551, 556 (5th Cir. 1954)).

On June 6, 2005, Gabrielle Valenti wrote a check for $160,000.00.[5] Gabrielle Valenti is the managing member of Colpo Caldo. ECF No. 37 at 6. Colpo Caldo's promissory note, dated June 16, 2005, provides:

> FOR VALUE RECEIVED, Ronald Trunk and Lynn McMahon, husband and wife as joint tenants promises to pay to **COLPO CALDO, LLC**, a Nevada Limited Liability Company whose address is 711 W. Washington Street or at the option of the legal holder of this note, at such other place as legal holder shall designate in writing, in coin or currency which at the time of payment shall be legal tender, the sum of ONE HUNDRED SIXTY THOUSAND AND 00/100 ($160,000.000) together with interest theron at the rate of eight percent (8%) per annum, commencing from the date of close of escrow, June 14, 2005[.]

ECF No. 46-6 at 24 (emphasis added). Colpo Caldo's Deed of Trust likewise provides that Ronald Trunk and Lynn McMahon are the Trustors, Western Title Company, Inc. is Trustee, and **Colpo Caldo, LLC** is the beneficiary. ECF No. 46-6 at 40–42 (emphasis added). Finally, Ronald Trunk's

---

[4] The Court does not find it appropriate to discuss Colpo Caldo's issue preclusion argument. While the Bankruptcy Court held that the applicable statutes of limitations or repose had not expired, it is not clear from that Court's ruling what statute of limitations it is referring or if it is the same as that of judicial foreclosure. Accordingly, the Court's own ruling on the issue was required and now stands.

[5] Gabrielle Valenti declared that she initially made the check payable to Western Title, but because they wanted a Cashier's Check, it was made payable to her sister, Gigi Valenti, so that she could obtain the Cashier's Check. ECF No. 46-8 at 5.

8

last check, dated May 20, 2013, was made payable to Colpo Caldo, not Gabrielle Valenti personally. ECF No 46-6 at 83. There can be no dispute that Colpo Caldo holds the promissory note and the deed of trust at issue in this case. That is sufficient to make it the real party in interest. Additionally, given that Gabrielle Valenti is the sole member of Colpo Caldo, there is no concern that the defendant is not able to avail himself of evidence and defenses against either the entity, or that the FSA will be left open to subsequent suits on the same matter. None of the case law cited by the FSA supports any alternative ruling. Therefore, for the aforementioned reasons, the FSA's motion for summary judgment is denied.

### B. Colpo Caldo's motion for summary judgment is granted.

Given the Bankruptcy Court's determination that Colpo Caldo has a secured claim against the at-issue property, Proof of Claim No. 2., Colpo Caldo moves for summary judgment on its quiet title and judicial foreclosure claims (causes of action one and three). ECF No. 44. In opposition, the FSA does not dispute Colpo Caldo's proof of claim, but only argues that summary judgment should not be granted because Colpo Caldo's judicial foreclosure claim is outside the 6-year statute of limitations and because it is not the real party in interest. ECF No. 47.

On October 7, 2020, the Bankruptcy Court, having reviewed Colpo Caldo's Proof of Claim and Ronald Trunk's opposition, held:

1. That Colpo Caldo has an allowed, secured claim in the amount of $302,102.09 as of the filing date of Colpo Caldo's Proof of Claim which was May 8, 2019, together with subsequent accrued charges;
2. That the Deed of Trust recorded on June 15, 2005 as Doc #353838 in the Official Records of Lyon County, Nevada has not been reconveyed and remains valid and enforceable; and
3. That none of the exceptions listed in 11 U.S.C. 502(b) apply.

ECF No. 46-9 at 5. During these bankruptcy proceedings, the FSA did not dispute or object to Colpo Caldo's Proof of Claim No. 2. *See* ECF No. 47 at 8. The FSA did file its own Proof of Claim No. 7-1, and the Bankruptcy Court held it also held a secured claim against the at-issue property. *See* ECF No. 46-10 at 7. In reaching its conclusions, the Bankruptcy Court did not make a specific

9

determination on the priority of the liens on the at-issue property. *See* ECF No. 46-10 at 7; ECF No. 62-1 at 3–4.

While neither party disputes that the Bankruptcy Court's determinations were a valid exercise of its powers pursuant to 28 U.S.C. § 157(b), as the issue is constitutional, the Court finds it necessary to provide its reasoning on the issue. The Bankruptcy Court's decision falls into three categories of statutorily provided "core proceedings": proceedings to determine, avoid, or recover fraudulent conveyances; determinations of the validity, extent, or priority of liens; and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. 28 U.S.C. § 157(b)(H), (K), (O). While the statutory scheme permits the bankruptcy court to make determinations on fraudulent conveyance claims, the Ninth Circuit has definitively held that such claims can only be adjudicated by an Article III judge. *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 561 (9th Cir. 2012). That is unless the parties waive the right. *Id.* at 566–67; 28 U.S.C. § 156(c)(2) (providing that "with the consent of all the parties to the proceeding," the bankruptcy court may enter final judgments in non-core proceedings). If the parties do not consent, a bankruptcy court may only render findings of fact and conclusions of law on non-core proceedings otherwise related to a case under Title 11, and the district court reviews these determinations de novo. *In re Harris*, 590 F.3d 703, 737 (9th Cir. 2009) (citing 28 U.S.C. § 157(c)(1)).

Here, Colpo Caldo consented to the Bankruptcy Court's jurisdiction when it sought its Proof of Claim No. 2. The FSA, which was represented by counsel and actively participated in the bankruptcy proceedings, failed to object to Colpo Caldo's Proof of Claim No. 2; and therefore, impliedly consented to the bankruptcy court's jurisdiction to determine whether Colpo Caldo's Deed of Trust had been reconveyed or remained valid and enforceable. *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d at 567 ("We have previously held that a bankruptcy litigant impliedly consents to the bankruptcy court's jurisdiction when it fails to timely object."). Accordingly, the Court will consider the Bankruptcy Court's determination that Colpo Caldo has a secured claim and that its Deed of Trust was not reconveyed when determining the priority of the liens on the at-issue property.

Generally, the first-in-time principal delineates the priority of liens against a particular property, unless modified by statute. *See Rankin & Schatzell v. Scott*, 25 U.S. 177, 179 (1927) ("The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a Court of law or equity to a subsequent claimant."); *see e.g.*, NEV. REV. STAT. § 116.3116(2) (2009), *subsequently amended by* 2021 Nev. Laws Ch. 268 (A.B. 237) (modifying the priority to give a homeowners' association a "super priority" lien when an individual homeowner fails to pay their dues). In Nevada, the priority of a lien is set by the time the encumbrance was recorded. *See* Baxter Dunaway, 6 LAW OF DISTRESSED REAL ESTATE § 71:31. Priority (May 2021) (citing *Southern Trust Mortg. Co. v. K & B Door Co., Inc.*, 763 P.2d 353 (Nev. 1988)).

Here, Colpo Caldo's Deed of Trust was recorded in the Lyon County Recorder's Office on June 15, 2005. ECF No. 46-6 at 40–42 (Document No. 353838). The FSA's first Deed of Trust was recorded on August 6, 2013 (ECF No. 46-6 at 49–57; Document No. 510759), and its second Deed of Trust was recorded on August 21, 2013 (ECF No. 46-6 at 59–68; Document No. 511348), both in the Lyon County Recorder's Office. Finally, the O'Callaghan deed of trust was recorded on October 17, 2017. ECF No. 1-1 at 4 (Document No. 415425). As the first in time, Colpo Caldo's Deed of Trust therefore has priority over those of the FSA and O'Callaghan.

Pursuant to Nevada Revised Statutes §§ 40.430 *et seq.*, a secured creditor is permitted to "realize upon the collateral for a debt or other obligation agreed upon by the debtor and creditor when the debt or other obligation was incurred." NEV. REV. STAT. § 40.430(2) (2017).[6] Under judicial foreclosure, "the judgment must be rendered for the amount found due the plaintiff, and the court, by its decree or judgment, may direct a sale of the encumbered property, or such part thereof as is necessary, and apply the proceeds of the sale as provided in NRS 40.462." NEV. REV. STAT. § 40.430(1) (2017). Because Colpo Caldo holds the priority lien on the at-issue property,

---

[6] This statute was amended by 2021 Nevada Laws Ch. 268 (A.B. 237) (effective January 1, 2022). Because the 2017 statute is the current statute until the new amendments take effect, the Court considers this issue under the May 29, 2017 version of the statute.

11

the Court grants its claim for judicial foreclosure and orders the sale of the property pursuant to Nevada law.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the FSA's motion for summary judgment (ECF No. 36) is **DENIED**.

IT IS FURTHER ORDERED that the FSA's request for judicial notice in support of its opposition to plaintiff's motion for summary judgment (ECF No. 49) is **GRANTED**.

IT IS FURTHER ORDERED that Colpo Caldo's motion for summary judgment (ECF No. 44) is **GRANTED.** Colpo Caldo's Deed of Trust, recorded in the Lyon County Recorder's Office as Document # 353838, was not reconveyed and remains a secured claim upon the at-issue property. Ronald Trunk (the borrower) is indebted to Colpo Caldo for $302,102.09, as found by the Bankruptcy Court. Colpo Caldo may subsequently move for actual costs of foreclosure and sale and any additional sums, plus interest, it expends protecting its interest in the at-issue property. These sums awarded against Trunk are for the purposes of foreclosure only and from which a Writ of Execution will issue. This Judgment is not nor is it intended to be a monetary judgment against Trunk.

IT IS FURTHER ORDERED that the rights, claims, ownership, liens, titles and demands of the FSA are subject, subordinate and subsequent to Colpo Caldo's Deed of Trust.

IT IS FURTHER ORDERED that the at-issue property, or as much of it as may be necessary, be sold in the manner prescribed by law, and that a writ of sale be issued by the Levying Officer of Lyon County, Nevada, ordering and directing the conduct of such sale in the same manner as the sale of real property upon a Writ of Execution. Any party to this action may purchase the property at the sale. From the sale proceeds, the Levying Officer shall pay to Colpo Caldo, after deducting expenses of the levy and sale, the sums owed with interest, from the date of judgment. If any surplus remains after payment, the surplus shall be paid to the FSA, up to the amount of its secured claim ($169,201.65 plus interest from the date of judgment), and thereafter, to any other junior creditor with a secured claim in the at-issue property. Any remaining balance will be paid to the debtor or the debtor's successor in interest. After the time allowed by law for

1   redemption has expired, Trunk and any other creditor claiming an interest in the at-issue property
2   will be forever barred from any right of redemption. At that time, the Levying Officer will execute
3   a deed of sale to the purchasers, who may then take possession of the property, if necessary, with
4   the assistance of the Levying Officer.
5           IT IS FURTHER ORDERED that the Clerk of Court is to ENTER JUDGMENT in favor
6   of Colpo Caldo on its first and third causes of action, as ordered herein.
7           IT IS FURTHER ORDERED that the parties submit a joint status report on any remaining
8   issues in this case within **30 days** from the entry of this Order.
9           IT IS SO ORDERED.
10          DATED this 15th day of September 2021.

            _____
            LARRY R. HICKS
            UNITED STATES DISTRICT JUDGE