UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COLPO CALDO, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RONALD TRUNK; et al.,<br><br>Defendants. | Case No. 3:18-cv-00289-LRH-CSD<br><br>ORDER |

This matter comes before the Court on Plaintiff Colpo Caldo's Motion for Supplemental Order Re: Judicial Sale (ECF No. 74). On June 7, 2022, the Court held a status conference to discuss the pending motion and related filings. The Court ordered counsel to prepare a proposed stipulated order setting forth the necessary terms for the judicial sale and to identify any matters which they could not agree. In response, the defense filed a proposed stipulation (ECF No. 89), and Plaintiff filed a status report (ECF No. 90). Plaintiff's status report included copies of Colpo Caldo's proposed stipulation, Defendants' red-line version of the proposed stipulation, the Promissory Note, the Deed of Trust, a declaration by Michael Matuska, Colpo Caldo's client ledger, and Colpo Caldo's proposed order. Based on the motion, and for good cause appearing, the motion shall be and hereby is granted as follows:

1. This Order is intended to implement the September 15, 2021, *Order* (ECF No. 63) and the September 16, 2021, *Judgment* (ECF No. 64), which inter alia decreed that Colpo Caldo's Deed of Trust, recorded on June 15, 2005, in the Lyon County Recorder's Office as Document #353838 ("Colpo Caldo Deed of Trust"), was not reconveyed and remains a

secured claim upon the at-issue property located at 7575 Iron Mountain Blvd. Silver Springs, Nevada, APN 15-362-20 (the "Property").

2. The Court held in the *Judgment* that as of April 15, 2019, the filing date of Ronald Trunk's bankruptcy case, Ronald Trunk was indebted to Colpo Caldo in the amount of $302,102.09 with interest to accrue on the unpaid principal of the note at 8% per annum, until entry of judgment. The amount owing Colpo Caldo consisted of $160,000 principal, $121,384.70 accrued interest, and $20,717.39 fees and costs. As of the date of judgment entered in this case (September 16, 2021), there was owing to Colpo Caldo $160,000 principal, $20,717.39 costs, in addition to accrued interest.

3. The FSA also has the following subsequently recorded liens against the Property which are junior to Colpo Caldo's Deed of Trust:

   a. Deed of Trust recorded on August 6, 2013, in the Official Records of Lyon County, Nevada as Document No. 510759.

   b. Financing Statement recorded on August 21, 2013, in the Official Records of Lyon County, Nevada as Document No. 511332.

   c. Deed of Trust recorded on August 21, 2013, in the Official Records of Lyon County, Nevada as Document No. 511348.

4. As of the date of the filing of the bankruptcy petition by Defendant Trunk, April 15, 2019, FSA had a claim secured by the real property that is the subject of this foreclosure action in the amount of $169,201.65, consisting of $165,970.06 principal, and $3,231.59 accrued interest, with interest to accrue at the rate of $13.2895 per day, until the date of entry of judgment in favor of FSA. As of September 16, 2021, the amount owing FSA pursuant to the notes executed by Defendant Trunk had increased to $180,949.66.

5. The *Judgment* and *Order* further allowed and decreed judicial foreclosure of Colpo Caldo's Deed of Trust.

6. The judicial foreclosure sale will be conducted pursuant to a writ of execution sale directed to the U.S. Marshal's office in compliance with 28 U.S.C. § 2001 and subject to the notice requirements of 28 U.S.C. § 2002 and Nev. Rev. Stat. § 21.130.

7. Colpo Caldo and FSA have claims in the amounts outlined above, together with any subsequently accrued interest, costs, and fees that are allowed under their respective security instruments and applicable laws.

8. Colpo Caldo and FSA may bid at the foreclosure sale.

9. Colpo Caldo shall be allowed a credit for the full amount of its claim. The amount of Colpo Caldo's claim shall be specified in the writ of execution.

10. Colpo Caldo may establish a minimum bid, not to exceed the total amount of its credit bid together with estimated costs of sale and fees charged by the U.S. Marshal.

11. The proceeds from the sale will first be used to pay any costs of sale and fees charged by the U.S. Marshal, and then shall be used to pay to Colpo Caldo to the full extent of its claim. Any remaining proceeds shall be used to pay the junior lienholders in order of priority and then Ronald Trunk, all as set forth by law and previously decreed in the *Order* and *Judgment*.

12. Following the sale, title will vest in the purchaser free and clear of any claims, deeds of trust and liens from these parties, from Ronald Trunk, or from other deeds of trust and liens showing of record. The property will remain subject to any right of redemption held by FSA and Ronald Trunk and permitted under state or federal law, including Nev. Rev. Stat. § 21.190–21.210 and 28 U.S.C. § 2410(c).

13. If FSA elects to bid on and purchase the property at the foreclosure sale, the U.S. Marshal shall accept a United States Treasury check as acceptable funds.

14. The Court may issue additional writs, including writs of execution, sale, and restitution of the premises, in order to implement the *Order* and *Judgment* and this stipulation.

///
///
///
///
///
///

15. The Court retains jurisdiction to resolve any disputes regarding the sale or the amount claimed by Colpo Caldo and FSA. Before submitting a dispute for decision by the Court, the parties shall meet and confer to resolve any such dispute before submitting the dispute for decision by the Court.

16. The *Order* and *Judgment* are affirmed in all respects.

IT IS SO ORDERED.

DATED this 8th day of July, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE